IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Ricky Lamar Turner,** ) | |
| **Plaintiff,** ) | |
| ) | **1:12cv431 (TSE/TCB)** |
| v. ) | |
| ) | |
| **Officer Vincent, et al.,** ) | |
| **Defendants.** ) | |

MEMORANDUM OPINION

Ricky Lamar Turner, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that defendant Porter violated his right to due process when defendant allegedly deprived plaintiff of access to the courts. By Order dated September 28, 2012, plaintiff's claims against defendants Vincent, Casianos, Smith, Pittman, Maskelony, Cary, and Trisha were dismissed pursuant to 28 U.S.C. § 1915(A)(b)(1) for failing to state a claim and defendant Porter was sent a Notice of Lawsuit and Request for Waiver of Service, as the sole remaining defendant. By order dated September 27, 2013, defendant's Motion for Leave to File a Motion for Extension of Time to Respond was granted. On October 7, 2013 defendant Porter filed a Motion for Summary Judgment and provided plaintiff with notice and opportunity to file responsive materials, as required by Local Rule 7(k) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff filed a response, a Motion for Judgment, and a Motion for Nihil Dicit Judgment. For the reasons that follow, defendant's Motion for Summary Judgment must be granted and plaintiff's motions must be denied.

I. Background

From November 1, 2011 to about April 18, 2012, plaintiff resided at Western Tidewater Regional Jail ("WTRJ"). Corporal Porter Aff., Ex. A ¶ 3; Pl.'s Mem. Opp'n Mot. Summ. J. [hereinafter Pl's Opp'n] 1. Plaintiff alleges that during this time he was "denied access to the

library from 02/12 through 04/18/2010." Pl's Opp'n 2. He states that though he submitted "numerous requests" to use the law library, he was only allowed access on (4) four occasions." Pl's Opp'n 4. Plaintiff alleges that this resulted in his being "denied the access . . . to timely file a habeas petition in the State Court resulting in a denial of said petition based upon untimely filing." Pl's Opp'n 5.

Defendant attests that he received only four requests from plaintiff to use the law library, one on each of the following days: December 16, 2011, December 30, 2011, January 3, 2012, and March 11, 2012. Corporal Porter Aff. ¶¶ 12, 15. He then states that it is WTRJ's policy to "afford all inmates equal access to library privileges, [that] inmates are scheduled to use the library on a first-come, first-serve basis" so that an inmate is put on the list for law library access each time a request to use the library is received. Corporal Porter Aff. ¶¶ 7, 9. Pursuant to this policy, plaintiff was provided access to the library on December 21, 2011, January 3, 2012, January 27, 2012, and March 14, 2012, respectively, which was "as soon as [was] reasonably possible in response to his requests for access." Corporal Porter Aff. ¶ 15. In support of his Motion for Summary Judgment, defendant attaches his own affidavit, each of the four requests to use the library that he attests plaintiff submitted, and a copy of the Prison Library Log Book. Mem. Supp. Summ. J. Exs. A, D, E.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving

party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts for which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

The nonmoving party may not defeat a properly-supported summary judgment motion simply by substituting the "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990). This is true even where the nonmoving party in such a situation is a pro se prisoner entitled to liberal construction of his pleadings; a "declaration under oath . . . is not enough to defeat a motion for summary judgment. He has to provide a basis for his statement. To hold otherwise would

3

render motions for summary judgment a nullity." Campbell-El v. Dist. of Columbia, 874 F.Supp. 403, 406 - 07 (D.C. 1994).

### III. Analysis

Plaintiff alleges that defendant Corporal Porter violated his rights by limiting plaintiff's access to the law library and that the limitation resulted in plaintiff missing a court filing deadline. Inmates have a right to meaningful access to the courts, which requires that individuals acting under color of state law cannot hinder an inmate in his efforts to pursue a legal claim. Bounds v. Smith, 430 U.S. 817, 822 (1977)); Lewis v. Casey, 518 U.S. 343 (1996); see also Hause v. Vaught, 993 F.2d 1079, 1084 (4th Cir. 1993). To state a claim for denial of access to the courts, plaintiff must establish that he suffered an "actual injury or specific harm." Hause, 993 F.2d at 1084–85; see, e.g., Strickler v. Waters, 989 F.2d 1375, 1382 (4th Cir. 1993); Magee v. Waters, 810 F.2d 451, 452–53 (4th Cir. 1987). To make out *a prima facie* case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996); see also White v. White, 886 F.2d 721, 723–24 (4th Cir. 1989). Actual injury requires the inmate to "demonstrate that his nonfrivolous, post-conviction or civil rights legal claim has been frustrated or impeded." Jackson v. Wiley, 352 F. Supp. 2d 666, 679–80 (E.D. Va. 2004).

It is uncontested that plaintiff was afforded access to the law library only four times during his five and a half month stay at Western Tidewater Regional Jail ("WTRJ"). Corporal Porter Aff., Exs. A ¶ 3, D, E; Pl's Opp'n 1, 4. Plaintiff asserts that he was denied further access though he made multiple requests, pl.'s opp'n 2, but he fails to provide any evidence to support that assertion. Thus, the factual allegations in plaintiff's response opposing defendant's summary judgment motion amount to nothing more than conclusory recapitulations of the complaint,

without additional supporting evidence, which are insufficient to defeat defendant's summary judgment motion. See Doyle v. Sentry Ins., 877 F.Supp.1002, 1005 (E.D. Va. 1995) (Merhige, J.) (to defeat a motion for summary judgment, a nonmoving party cannot rely on "mere belief or conjecture, or the allegations or denials contained in the pleadings.").

Moreover, plaintiff's allegations of being "denied the access . . . to timely file a habeas petition in the State Court resulting in a denial of said petition based upon untimely filing," pl's Opp'n 5, are too general to merit relief. Actual injury requires the inmate to "demonstrate that his nonfrivolous, post-conviction or civil rights legal claim has been frustrated or impeded." Jackson v. Wiley, 352 F. Supp. 2d 666, 679–80 (E.D. Va. 2004). Plaintiff fails to say why the alleged denial of further access to the law library resulted in his being unable timely to file his habeas petition, nor does he identify the allegedy meritorious claims he was prevented from litigating. As such, his conclusory allegations fail to demonstrate that he was actually injured by defendant Porter's alleged limitation of access to the law library. Id.

Additionally, it appears that plaintiff bases much of his claim against defendant on the holding in Bounds. 430 U.S. at 817. Plaintiff argues that Bounds sets a "federal minimum" that inmates must be allowed (2) two hours of law library time per week, but there is no language in Bounds that supports such a reading. In Bounds, the Court simply held that the "fundamental constitutional right of access to courts requires prison authorities to assist inmates in preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. Further the Court noted that "adequate law libraries in prisons are one constitutionally acceptable method to assure meaningful access to courts," but alternative means are not foreclosed. Id. at 831. Thus, the basis

5

of plaintiff's legal argument is in error, and as such there is no genuine issue of material fact and defendant must be granted summary judgment. See Matsushita, 475 U.S. at 587.

### IV. Outstanding Motions

Also before the Court is plaintiff's Motion for Judgment, docket # 49, and plaintiff's Motion for Nihil Dicit Judgment, docket # 55. In his Motion for Nihil Dicit Judgment plaintiff argues that "superintendent Smith and WTRJ first learned of plaintiff's complaint . . . on [September 23, 2013 and as such], it should be evident, that this assertion raises the culpability of the defendant." He concludes by arguing that "wherefore, any and all forthcoming responses, from defendant should be barred as non-conforming and, judgment in plaintiff's favor should hereinafter proceed forth." For the reasons given above, defendant's Motion for Summary Judgment must be granted, and plaintiff's Motion for Judgment and Motion for Nihil Dicit Judgment must be denied.

### V. Conclusion

For the foregoing reasons, defendant's Motions for Summary Judgment must be granted. An appropriate Order shall issue.

Entered this 31st day of March 2014.

Alexandria, Virginia

T. S. Ellis, III
United States District Judge